HARTFORD NATIONAL BANK AND TRUST COMPANY v. DAVID KOTKIN ET AL.

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and BIELUCH, Js.

Argued October 8—decision released December 22, 1981

*Lawrence W. Iannotti,* with whom, on the brief, was *Donald A. Josephson,* for the appellants (defendants).

*Thomas F. Parker,* for the appellee (plaintiff).

PER CURIAM. The defendants have appealed from a summary judgment rendered by the trial court for the plaintiff, Hartford National Bank, finding the defendants, David Kotkin, Irving S. Ribicoff, Isidor Rubin, Chester Bland, John B. Abrahms, and Hyman J. Goldfeld, liable to the plaintiff in the amount of $2,243,730.64 plus interest. The six defendants had executed five promissory notes payable to the plaintiff, the obligations being secured by

various real and personal property. Upon the defendants' default, which is undisputed, the plaintiff brought suit on the notes, but did not also bring suit to foreclose the real property that secured some of the notes. The defendants in a special defense alleged irreparable harm to persons with interests in the property securing the debt, and by way of counterclaim they sought to enjoin the plaintiff's prosecution of the action on the notes, asking the court to ascertain the extent and nature of the security and to marshal the security interests. The pleadings were closed, the plaintiff filed a motion for summary judgment with a supporting affidavit, and the defendants filed opposing affidavits. After a hearing, the trial court found that there was no genuine issue as to any material fact with respect to liability and that the plaintiff was entitled to judgment as a matter of law.[1]

In this appeal the defendants claim[2] that summary judgment was not warranted because there were genuine issues of material fact regarding the property securing the debt. There was no dispute regarding the promise, the default, or the amount due. We conclude that the court did not err in finding that the allegedly disputed issues were not material and that the plaintiff was entitled to summary judgment.

---

[1] Although the trial court did not explicitly rule on the defendants' special defense and counterclaim, by granting the plaintiff's motion for summary judgment it implicitly found: (1) that the facts alleged in the special defense were not material and (2) against the defendants on the counterclaim.

[2] The defendants also claim that the trial court abused its discretion in denying the defendants' motion to extend the time within which to answer the plaintiff's request for admission. The defendants admittedly did not comply with the provisions of Practice Book § 239. Our review of the record indicates that the trial court did not abuse its discretion in denying the motion for extension of time.

In their counterclaim the defendants sought an equitable marshaling of the securities. Because this is simply a suit on the notes alone and no action is being taken against the property or assets securing the notes, the defendants are not entitled to marshaling. Marshaling is a right to enforce a certain order of realization out of security. 2 Glenn, Mortgages (1943) § 292.1, p. 1236; Osborne, Nelson & Whitman, Real Estate Finance Law (1979) 618. The defendants' counterclaim is premature; the time for the defendants to show that they are entitled to marshaling is when such realization is sought.

It is well established that the plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. " 'A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit. *Mechanics Bank* v. *Johnson,* 104 Conn. 696, 701, 134 Atl. 231; *German* v. *Gallo,* 100 Conn. . . . [708], 711, 124 Atl. 837; *Staples* v. *Hendrick,* 89 Conn. 100, 93 Atl. 5.' *Atlas Realty Corporation* v. *House,* 120 Conn. 661, 670, 183 A. 9; *New Haven Savings Bank* v. *Warner,* 128 Conn. 662, 666, 25 A.2d 50. If, by an action solely on the note, the owner secures full payment on the debt, his right to enforce the mortgage is gone, or, if he secures payment in part, he can enforce the mortgage only to secure the payment of the balance. *New Haven Savings Bank* v. *Warner,* supra. Where such a procedure is followed, the extent of the recovery, however, should not in any event

exceed the amount of the debt. Ibid." *Little* v. *United Investors Corporation,* 157 Conn. 44, 48, 245 A.2d 567 (1968). This choice of remedies by the mortgagee is restricted by statute in two ways not here relevant.[3] In the present case the defendants have not claimed any statutory right to marshaling.[4] Because the defendants' claim for marshaling is premature, the trial court did not err in treating this claim as immaterial in deciding the plaintiff's

[3] "[General Statutes] Sec. 49-1. WHEN FORECLOSURE A BAR TO FURTHER ACTION ON DEBT. The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure; but the foreclosure is not a bar to any further action upon the mortgage debt, note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made within this state at the commencement of the foreclosure. The judgment in each such case shall state the names of all persons upon whom service of process has been made as herein provided."

"[General Statutes] Sec. 49-48. FORECLOSURE OF LIEN WHEN PLAINTIFF HOLDS MORTGAGE. Upon proceedings for the foreclosure of any judgment lien, when the judgment creditor holds a mortgage upon real estate in this state as security for the debt, or any part of it, that has gone into the judgment, which mortgage is a first charge upon the property mortgaged, the court shall, upon the motion of the judgment debtor or any later encumbrancer on the property covered by the judgment lien, order such mortgaged property to be first applied to the debt secured by it, at its cash value, to be ascertained by the court; and a foreclosure of the judgment lien shall be granted only as to the portion of such judgment that remains unsatisfied."

[4] The statutory right to marshaling; General Statutes § 49-48; also would not be available to the defendants until there is a proceeding for satisfaction of the judgment. This is clear from its language, which presupposes an antecedent action on the note, from the case that spawned it; *Gushee* v. *Union Knife Co.,* 54 Conn. 101, 6 A. 192 (1886); and from the cases that have interpreted it. *Little* v. *United Investors Corporation,* 157 Conn. 44, 245 A.2d 567 (1968); *Merchants Bank & Trust Co.* v. *Pettison,* 112 Conn. 652, 153 A. 789 (1931).

motion for summary judgment. On the basis of the undisputed facts the plaintiff was entitled to summary judgment.

There is no error.