[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this miscellaneous calendar procedure is whether the plaintiff is entitled to an attachment of the defendant's property in Connecticut on the basis of a promissory note that is in default and is secured by a mortgage of property located in the State of New York. I believe that the answer is yes.
The plaintiff, Rex Realty of Connecticut, Inc. (Rex Realty), in 1987 sold property located on Bedford Road in Pleasantville, New York, to the defendant, Iwan Thiessen, for $230,000, and took back a purchase money mortgage for $180,000. The note is in default and the plaintiff commenced suit in this court seeking to recover on the note, and to secure such judgment it seeks an attachment of the defendant's realty located on Highland Farm Road in Greenwich in the amount of $180,000.
The defendant opposes the request for an attachment, claiming this promissory note is already more than adequately secured by the mortgaged property in New York, since the debt is now approximately $160,000, and the Pleasantville property is worth in the neighborhood of $300,000. Defendant claims that the plaintiff should look only to the mortgaged property, and has no right to an attachment of his property in Connecticut. Hartford National Bank v. Kotkin, 185 Conn. 579, 581,441 A.2d 593 (1981), makes it clear that a plaintiff has the right to sue on a promissory note, and is not required to commence a foreclosure action. This seems particularly logical in that the parties could have provided in the note and the mortgage that the plaintiff as mortgagee would look only to the mortgaged property for the satisfaction of its debt, but no such provision appears in either instrument. See General Statutes 42a 9-501 (1) for a similar result involving secured transactions.
The defendant also points to General Statutes 52-380i, which provides for marshalling of assets as authority for not granting the requested attachment. As said in Hartford National Bank Trust Co. v. Kotkin, Id., 581-582, the statute may be invoked only when the plaintiff attempts to satisfy a judgment, and hence is premature at this point.
The defendant also argues that since the plaintiff's purchase money mortgage is a first lien on the New York property, an attachment of the Connecticut property would afford the plaintiff excessive security. I disagree because I believe that since the plaintiff has the right to start an action on the promissory note in Connecticut, it is entitled to an attachment of property in this state. CT Page 362
Accordingly, the attachment may issue as requested, as it is found that probable cause exists that the plaintiff will recover a judgment against the defendant.
SO ORDERED.
Dated at Stamford, Connecticut this fourth day of January, 1991.
LEWIS. J.