[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (#129)
On April 9, 1990, the plaintiffs herein commenced a foreclosure action against the defendants, Leon Synder and Steven Snyder, and subsequent incumbencies.
The complaint recites that the defendants, on July 27, 1988, gave their note to, the plaintiffs in the amount of $385,000; and that to secure said note, gave a mortgage to the plaintiffs, covering certain property in Meriden, which was recorded on August CT Page 2036 1, 1988. The premises mortgaged are known as 1843 North Broad Street, Meriden.
The complaint then states that the note thereafter being in default, the plaintiffs brought an action on said note and recovered a judgment on April 2, 1990 in the amount of $403,780.04. To secure said judgment, the plaintiffs placed a judgment lien on the mortgaged property on April 5, 1990, which referred to an attachment on said premises recorded November 29, 1989.
The encumbrances subsequent to the mortgage are then listed:
(1) A mortgage to Albert A. and Anne L. Iacobucci in the amount of $20,000 dated July 27, 1988 and recorded August 10, 1988.
(2) A mortgage to Mario Aronne and Lois Caserta in the amount of $50,000 dated and recorded February 6, 1989.
On July 27, 1990, the plaintiffs moved to amend their complaint by adding as a subsequent incumbrance a judgment lien in favor of Connecticut Bank and Trust Company recorded July 16, 1990, in the amount of $34,434.86, which referred to an attachment dated and recorded February 6, 1990. Said Bank was subsequently cited in and the plaintiffs filed a demand for disclosure of defense.
Said Bank disclosed the defense that the plaintiffs had no right to foreclose on their mortgage since they had obtained a judgment on the note and had placed a judgment lien on other property of the defendants, and thereby had "elected to due to collect under their note." The plaintiffs move to strike the defense which was denied by the court.
Subsequently, said Bank filed an answer and special defense. The special defense alleges that by proceeding to judgment on the note and placing a judgment lien on other property of the defendants, the plaintiffs had forfeited their right to foreclose the mortgage, since the judgment merged the debt and extinguished the mortgage. The plaintiffs filed a reply and then the instant motion for summary judgment.
In its brief, the Bank cites Little v. United Investors Corporation, 157 Conn. 44, 48 for the proposition that a mortgage note and the mortgage itself are regarded as separate and distinct causes of action; and if in an action on the note, the owner secures full payment of the debt, his right to enforce the mortgage is gone. If part payment of the debt is secured, the mortgage may be enforced only to secure the payment of the CT Page 2037 balance. In either event, the extent of the recovery may not exceed the debt.
The Bank is correct in its statement of law but such propositions have no bearing on the instant case. In both Little and Hartford National Bank and Trust Company v. Kotkin, 185 Conn. 579; also cited by the Bank, the defendants sought to restrain the plaintiff from proceeding to judgment on the notes, on the claim by the defendants that the court should first marshal the securities affected. In each case, the Supreme Court held the marshalling statute (then, Section 49-48) was not applicable. Neither case holds that, by filing a judgment lien, the plaintiffs have waived their right to foreclose their mortgage.
The Bank, in its brief, notes that "the plaintiffs have doubly secured the indebtedness represented by the note." Thereafter, the Bank urges that the judgment lien must be foreclosed first, and only then may the plaintiffs pursue the mortgage foreclosure. The Bank cites no authority for this proposition. Indeed, the statute (now, Section 52-380i, C.G.S.) holds the opposite. This case involves the marshalling of securities, and the Bank has not addressed this issue.
"Our law authorizing judgment liens to be filed against real estate was enacted in 1878 and has not been changed. Public Acts of 1878. Chap. 58." City National Bank v. Stoeckel,103 Conn. 732, 736 (See Section 52-380a, C.G.S.).
A judgment lien is "a sort of statutory mortgage,". . . "a perfected and permanent lien unconditional in its nature, unlimited as to time, and subject to no further regulations except as to redemption and foreclosure." Beardsley v. Beecher,47 Conn. 408, 415.
In an early case, Gushee v. Union Knife Co., 54 Conn. 101, the facts were similar to those in this case. The holders of the note and mortgage brought suit in the note, attached five parcels of land, obtained judgment, and filed a judgment lien on the land attached. They then sought foreclosure of the mortgage and judgment lien. The defendant argued against allowing foreclosure of both liens, and urged that the mortgage only be foreclosed, and the land subject to the judgment lien be charged only with the balance due. The trial court entered a decree of foreclosure covering all the property.
"The plaintiffs have obtained a legal right to the full security which they hold, and they are entitled to hold it until the debt is paid." "The question here is wholly one of marshalling securities. The judgment lien stands on as legal ground as that of the mortgage and there is no equitable rule by CT Page 2038 which we can give one an advantage over the other. If there is a reason for limiting the rights of the creditor under the judgment lien, it should be done by legislation." p. 107. The statute was amended to its present form in 1887 (with subsequent grammatical corrections). Merchants Bank Trust Co. v. Pettison, 112 Conn. 652, 655. The court found the intent of the amendment was to require that the mortgaged property be first applied to the payment of the mortgage note and relieve the mortgage of "circuity of actions, expense and annoyance, and possible serious loss. . ." p. 656.
Apparently, the Bank's position is that by obtaining a judgment on the note and filing a judgment lien, the debt was paid. The complaint alleges the debt is not paid. The debtors were defaulted for failure to appear. There is no claim made that the debt was in fact paid. The right to enforce the mortgage is barred only if the debt is paid. Little, supra, 48, quoting Atlas Realty Corp. v. House, 120 Conn. 661, 675. If the debt is not paid, the property secured may be appropriated to satisfy the mortgage debt. Bugg v. Guilford-Chester Water Co.,141 Conn. 179, 182.
In its answer, the Bank has denied that portion of Paragraph 6 of the Amended Complaint that alleges that the Bank's judgment lien is subsequent in right to the mortgage being foreclosed, identified as Exhibit B to the complaint. It is alleged that said mortgage was dated July 27, 1988, and recorded on the Meriden Land Records on August 1, 1988. It appears that the Bank's judgment lien is dated July 10, 1990, and recorded on July 16, 1990, and refers to an attachment dated and recorded February 6, 1990. Ordinarily, the plaintiffs' mortgage would have priority over the lien of the Bank. Brown v. General Laundry Service, Inc., 139 Conn. 363, 372.
As to the balance of the allegations in the complaint, the Bank leaves the plaintiffs to their proof. The Special Defense repeats the claim that the Bank's lien is not subsequent to the mortgage being foreclosed, for the reasons set forth above. The mortgage appears to be dated and recorded prior to the Bank's lien. There being no reason why the general rule of priorities should not be followed, the second defense as well as the denial contained in the answer are insufficient as a matter of law.
It is noted that neither party filed any affidavit or other proof as required by Section 380 of the Practice Book. Accordingly, it would appear that the Bank is contesting the date and recording of the plaintiffs' mortgage. This issue was not raised by the Bank as a matter of fact. From the nature of the documents filed, the dating and recording of the mortgage was CT Page 2039 admitted by the Bank, who has proceeded vigorously to argue that, although facially prior in right, as a matter of law, it is not.
Accordingly, the pleadings, and exhibits thereto show there is no genuine issue as to any material fact, nor is there any issue as to any legal matter raised by the Bank. The plaintiffs are entitled to a judgment, interlocutory in nature, against the Bank. Prac. Book, 384.
An interlocutory judgment, as to the priority of the Bank's lien against the mortgage being foreclosed, may enter in favor of the plaintiffs.
BURNS, J.