[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Anthony Autorino (hereinafter defendant) moves to modify plaintiff's attachments and garnishments on his property on the grounds they are excessive.
Defendant entered into a standard mortgage transaction with plaintiff Fleet Bank, Inc., signing a mortgage note for $750,000 and granting to plaintiff bank a first mortgage on 20 acres of land in Somers, Connecticut, known as 269-279 Hatchaug Road, Somers. The mortgage debt became due and payable on January 1, 1991. Thereafter plaintiff instituted this action against defendant on the note above, eschewing foreclosing on the mortgage. Plaintiff exercised its right under a commercial waiver of notice and hearing of prejudgment remedy in the promissory note to attach directly, without judicial order, six different pieces of defendant's real estate and to garnishee nine of defendant's bank accounts and stock broker accounts.
The evidence indicated the amount owed to the plaintiff on the note is $799,225. The appraised value of the property subject to the first mortgage is $570,000. The appraised value CT Page 4209 of 990 Northrup Road, Wallingford, one of defendant's properties attached by plaintiff, is $665,000, with a mortgage of $142,000, leaving a net equity of $523,000.
The defendant seeks to have the court limit the attachment to a lien of $230,000 ($800,000 debt less $570,000 value of mortgaged property) on the Wallingford property and to order the release of the other attachments and garnishments. The essence of the defendant's claim is that this court should take into account the value of the mortgaged property in determining whether or not plaintiff has excessively subjected defendant's property to its prejudgment remedy.
It is well settled that plaintiff in this case can sue on the note or foreclose upon the mortgage. Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579, 581 (1981). Either way the plaintiff proceeds, his recovery cannot exceed the amount of the debt. Little v. United Investors Corporation,157 Conn. 44, 48 (1968).
Hartford National Bank Trust Co. v. Kotkin, supra, holds that the holder of a mortgage note, suing on the note alone, is entitled to a judgment on the full amount due on the note without a diminution for the value of the mortgaged property. We are not here, however, dealing with the amount of a judgment but with security for it.
The nub of the matter is plaintiff has one debt of $799,885 and can only recover the amount of that debt. Part of the debt (here $570,000) is secured by a first mortgage on defendant's property. Plaintiff can elect to sue on the note, but this court cannot ignore the mortgage security it holds. If that mortgage were an attachment, surely it should be considered in determining whether or not plaintiff's prejudgment remedy was excessive.
Section 52-278k of Conn. Gen. Stats. provides that the court may modify a prejudgment remedy "as may be warranted by the circumstances." Section 53-304 provides that the court may dissolve an attachment and substitute therefore a lien on other property of the defendant of equal or greater net equity value.
The purpose of these statutes is to confine prejudgment remedies to assuring adequate security for an ultimate judgment the plaintiff is likely to recover while also prohibiting the plaintiff from excessively tying up defendant's property.
The purpose of those statutes is undermined if plaintiff can retain the first mortgage on defendant's property and attach defendant's other property to the full amount of the CT Page 4210 note. That is transparently fair.
Section 52-380i provides that in a proceeding to foreclose a judgment lien, when the judgment creditor hold a first mortgage as security for the debt that has gone into judgment, the court may order the mortgaged property be first applied to the debt secured by it. Although that section is not directly applicable because this is not a proceeding to foreclose a judgment lien, if plaintiff obtains a judgment on the note and seeks to foreclose on the judgment lien, it would have to apply the mortgaged property to the debt under52-380i. In this proceeding, this court can anticipate that eventuality and consider the value of the mortgaged property in determining an appropriate prejudgment remedy. By so doing, it is effectuating the objectives of both 52-380i and 52-278k.
The court therefore orders the release of all attachments and garnishments on defendant's property except to the extent of $230,000 on 990 Northrup Road, Wallingford.
R. SATTER, J.