[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (113)
This is an action to recover under the terms of a note. Defendants appearing pro se have filed an answer which, in effect, denies the allegations of the complaint. Two special defenses were also interposed. The pleadings having been closed, plaintiff has moved for summary judgment which must be granted.
On motion for summary judgment the trial court is required to render judgment forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law, Conn. Prac. Bk. 384.
From the affidavits of the parties and other proof submitted, it must be found that the material allegations of the complaint have been established to the extent that no material question exists as to the truth of such allegations. There is no material question as to the validity of the note, its execution and default by defendants. No question has been raised concerning the amounts due.
Defendants oppose the granting of this motion on the basis of the special defenses. The note was secured by mortgage of real and personal property. By their special defenses, defendants claim that plaintiff's only remedy is by foreclosure on the real property mortgaged and that it was the contemplation of the parties that plaintiff would look only to the secured property in the event of default and that the individuals signing the note were and are not personally liable.
It is well established under the law of this state that a party is entitled to pursue its remedy at law on the note or to pursue its remedy in equity by foreclosure of the mortgage. Hartford National Bank Trust Company v. Kotkin, 185 Conn. 579,581 (1981). Here the note, paragraph 3.4, specifically, addressed this issue and by its terms allowed plaintiff to make an election of remedies. Plaintiff has done so and there is no material question of fact as to plaintiff's right to sue on the note and as a matter of law it could do so.
Defendants, however, claim that the true contemplation of the parties at the time the note was executed was that defendants would not be personally liable and that plaintiff would look only to the mortgaged property on default. They claim that this presents a material question of fact which could only CT Page 5596 be resolved at trial.
The parol evidence rule establishes that as a matter of substantive law, the terms of a written contract which is intended by the parties to set forth their entire agreement may not be varied by parol evidence. Maier v. Arsenault, 140 Conn. 364,367-368. In argument on the motion, defendants claim that, despite the language of the note, there was an oral collateral agreement that they would not be personally liable and that evidence of this agreement could be introduced as an exception to the parol evidence rule presenting a material question of fact.
Under the rules, it is the responsibility of parties opposing a motion for summary judgment to file affidavits or other proof in support of their position. It is not enough that one opposing a motion for summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit. United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 377 (1969).
In opposition to the motion, defendants have submitted the affidavit of defendant William M. Keresey, Jr. A review of this affidavit fails to disclose any evidence of a collateral agreement whereby, despite the wording of the note, defendants would not be personally liable.
From all of the evidence submitted, it must be concluded that there is no genuine issue as to any material fact and that plaintiff is entitled to summary judgment as requested.
Accordingly, summary judgment is rendered in favor of plaintiff against defendants in the amount of $441,608.92 principal together with interest to date in the amount of $159,262.01.
PURTILL, J.