[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Connecticut National Bank (hereinafter plaintiff), commenced an action against defendants Charles Nader and C.J.A., Ltd. by way of a twenty-three count complaint and an application for a prejudgment remedy of attachment. The action arose out of an alleged default by Nader and C.J.A. on certain promissory notes held by the plaintiff.
The plaintiff's complaint alleges that Nader executed four commercial promissory notes payable on demand to the plaintiff. The complaint further alleges that C.J.A. executed five commercial promissory notes endorsed by Nader which were also payable to the plaintiff upon demand. The CT Page 9385 principal amount due on the nine promissory notes was in excess of $1,400,000.00.
The plaintiff alleges that it exercised its rights to demand payment on all of the notes on December 28, 1989. At that time Nader and C.J.A. refused to pay the plaintiff, thus defaulting. The plaintiff further alleges that both Nader and C.J.A. have been unjustly enriched. The plaintiff claims money damages and any other relief available in law on equity. On March 29, 1990, Nader and C.J.A. answered the plaintiff's complaint, also asserting special defenses and a counterclaim which were all later struck by the court. On September 23, 1991, after the pleadings were closed, the plaintiff moved for summary judgment with respect to liability, a memorandum of law and supporting documents accompanied the motion. Neither defendant submitted a memorandum of law or other documentation opposing the motion for summary judgment.
 Summary judgment is a method of resolving litigation when pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Citations omitted). The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried.
Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "It is the movant . . . that bears the initial, heavy burden of demonstrating by way of affidavits and other documentary proof, not only his entitlement to judgment as a matter of law, but also the nonexistence of a genuine issue of material fact." Nolan v. Borkowski, 206 Conn. 495, 508,538 A.2d 1031.
The plaintiff moves for summary judgment as to liability, asserting that the defendants' answer to its Request for Admissions establishes that there are no issues of material fact and that the plaintiff is entitled to judgment as a matter of law.
On June 12, 1991, the defendants answered the plaintiff's Request for Admissions dated May 13, 1991. In their answer to the request, the defendants admitted that they executed and/or endorsed the promissory notes. The defendants also admitted that they were obligated under the notes to make payment upon demand. The defendants further admitted that the CT Page 9386 plaintiff demanded payment in writing, and that they have failed to pay the balance due under each of the notes.
Practice Book 240, Admission of Facts and Execution of Writings — Effect of Admission, provides in pertinent part, "[a]ny matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment of the admission." See also Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 576, 534 A.2d 1172
(1987).
Where there is no dispute regarding the promise, the default or the amount due, summary judgment can be granted. Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579,580, 441 A.2d 953 (1981). Furthermore, when examination of the affidavit and exhibits accompanying the plaintiff's motion for summary judgment discloses the unchallenged existence of unpaid debts, summary judgment can be granted. Connecticut National Bank Great Neck Development Co., 215 Conn. 143,574 A.2d 1295 (1990).
For the foregoing reasons, the plaintiff's motion for summary judgment as to liability is granted as there is no issue of material fact and the plaintiff is entitled to judgment as a matter of law.
Schaller, J.