[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff brought this action returnable to the court on August 20, 1991 seeking to recover the principal, interest and attorney's fees allegedly due on a promissory note executed by the defendant. The plaintiff claims that on April 10, 1985, the defendant promised to pay the sum of $47,500 plus interest to the order of the plaintiff in quarterly installments but he has been in default since June, 1986. On December 23, 1987, the plaintiff bank accelerated the note. As of September 21, 1992, the plaintiff alleges that the defendant owes $33,839.92 to the bank, together with attorney's fees. Interest pursuant to the note is accruing at the rate of $4.97 per diem.
The plaintiff filed a motion for summary judgment on September 28, 1992, together with the affidavit of William Caporale, an employee with personal knowledge of the plaintiff's business records, and a copy of the promissory note. The defendant filed no papers in opposition.
A motion for summary judgment shall be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book section 384. See also Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990). To prove that there is no genuine issue of material fact, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984). A material fact has been defined as CT Page 10726 a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). In determining whether there is a material issue of fact, the court considers the evidence in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242,247, 571 A.2d 116 (1990). Once the moving party has presented supporting evidence, the opposing party must present evidence demonstrating the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
Where there is no genuine issue as to any material fact, the court must then decide whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983). That question is resolved be applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969). Connell v. Colwell, supra, 247; Connelly v. Housing Authority, supra, 364.
"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." State v. Goggin, supra, 617. The examination of the plaintiffs supportingly affidavit and documentary evidence discloses the unchallenged existence of an unpaid debt which is owed to the plaintiff by the defendant-maker. The existence of undisputed facts concerning the defendant-maker's promise, default, and debt due and owing, has been held to constitute sufficient grounds for granting summary judgment in favor of a plaintiff-holder of a promissory note. Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 147-48, 574 A.2d 1298
(1990); Hartford National Bank Trust Co., v. Kotkin, 185 Conn. 579,580, 441 A.2d 593 (1981).
Since there are no genuine issues of material fact, plaintiff's motion for summary judgment is granted.
LEHENY, J.