[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKEDEFENDANT'S SPECIAL DEFENSE
Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief may be granted. . .that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1); Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike may also be used to test the legal sufficiency of a special defense. Practice Book § 152(5); Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader Gordon v. Bridgeport Hospital, 208 Conn. 161,171, 540 A.2d 1185 (1988). In this case the plaintiff's move to strike the defendants two special defenses.
As to defendants' first special defense to the effect that they should receive credit for the value of the real property which serves as collateral for the promissory note, that special defense is stricken. A note and a mortgage to secure it are separate instruments, executed for different purposes. The plaintiff was entitled to pursue its remedy at law on the note or to pursue its remedy in equity upon the mortgage, or to pursue both. Hartford National Bank andTrust Co. v. Kotkin, 185 Conn. 579, 581. The plaintiff chose the first remedy, i.e. the note. The first special defense fails to raise any equitable concerns which would prevent the plaintiff from pursuing its remedy at law by suing on the CT Page 7400 note.
The second special defense must be stricken also. The defendants set up a defense based on equitable estoppel.
 [A]ny claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury.
(Citations omitted.) O'Sullivan v. Bergenty, 214 Conn. 641,648, 573 A.2d 729 (1990).
In the present case, the defendants have failed to plead that the plaintiff either induced or misled them, and that they acted or otherwise changed their position in reliance upon the plaintiff's conduct or representations. Thus, the defendants have failed to plead the elements of a legally sufficient equitable estoppel special defense.
This court need not address the issue of whether the plaintiff's motion is an improper "speaking motion" to strike as it has ruled on the sufficiency of the special defenses without having to look at the terms of the note in question.
LAWRENCE L. HAUSER, JUDGE