[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On April 10, 1995; the plaintiff, Commercial Financial/SPC Acquisitions, Inc., filed a two count complaint against the defendants, Angelo Mallozzi and Sal Mattera, seeking to foreclose on the note and mortgage, and to reform the mortgage. On June 7, 1995, the plaintiff amended its complaint to remove all claims for a deficiency judgment against Mattera.
The plaintiff filed a motion for summary judgment as to Mattera on November 2, 1995, along with a supporting memorandum of law, an affidavit and documentary evidence. Mattera filed a memorandum of law in opposition on November 13, 1995.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner,229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must CT Page 13369 substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and way Properties v. Colt's Manufacturing Co.,230 Conn. 600, 665, 646 A.2d 143 (1994).
Mattera argues that summary judgment should not be granted because he has been released from liability on the note by the plaintiff's predecessor in interest.
The copy of the release submitted by Mattera states that Merchants Bank Trust Co., the plaintiff's predecessor in interest, "does hereby discharge Sal Mattera from his obligations under said note while specifically retaining the mortgage made by both parties as security for the remaining portion of said note." "It is well established that the plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit. If, by an action solely on the note, the owner secures full payment on the debt, his right to enforce the mortgage is gone, or, if he secures payment in part, he can enforce the mortgage only to secure the payment of the balance." (Citations omitted; internal quotation marks omitted.)Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579, 581,441 A.2d 593 (1981).
The plaintiff amended his complaint to remove any claims for a deficiency judgment against Mattera. The plaintiff is proceeding solely upon the mortgage, which was specifically retained as security in Mattera's discharge on the note. Mattera's discharge on the note does not relieve him from liability on the mortgage. Mattera argues that because he has been released on the note, he cannot have defaulted on the note. The mortgage rider, provided by the plaintiff, only requires a default, not specifically a default by Mattera. Mattera has not provided any evidence that there has not been a default. There is no genuine issue of material fact. CT Page 13370
In regard to count two, the plaintiff seeks reformation of the mortgage to include a description of the property which had been omitted in error when the mortgage was executed. The plaintiff has provided a description of the property, and an affidavit attesting that such description is the correct description of the property. Mattera has not provided any evidence in opposition to the reformation of the mortgage. The plaintiff's motion for summary judgment against Mattera should be granted as to counts one and two.
HICKEY, JUDGE