[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#102)
The plaintiff, Lione Enterprises, has brought this action for nonpayment of a promissory note against the defendants Michael Cerrito (Cerrito) and Charles Patrick (Patrick). In its complaint, the plaintiff alleges the following:
On January 11, 1996, the defendant executed a promissory note (note) in favor of the plaintiff, pledging jointly and severally to pay to the order of the plaintiff the principal sum of $180,000 plus interest. The note requires the defendants to make monthly payments. The defendants defaulted in their payment, and the plaintiff has exercised its right to accelerate the payment of the entire debt. The plaintiff owns the note, and the defendants have not paid the principal balance of $147,738.60 plus interest, late charges, and attorney's fees as provided in the note.
On November 20, 2000 Patrick filed an answer and special defense. The plaintiff has moved to strike the special defense asserting that, as a matter of law, it is legally insufficient. For the reasons set forth below, the motion to strike is granted.
The gist of the allegations in Patrick's special defense are as follows:
The note in this case is secured by a mortgage on a piece of real estate property (property A). Cerrito executed a promissory note of his own, not related to the note involved in this action, in favor of the plaintiff to purchase a piece of real estate property (property B), secured by a first mortgage on this property (property B) and a second mortgage on property A. Cerrito defaulted on his own promissory note. The plaintiff foreclosed the mortgages securing Cerrito's note and took possession of both pieces of property (A and B) to satisfy Cerrito's debt.
 STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of CT Page 3773 . . . any special defense . . . that party may do so by filing a motion to strike the contested pleading . . ." Practice Book § 10-39;Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68,700 A.2d 655 (1997). The role of the trial court in ruling on a motion to strike is to examine the special defense, construed in favor of the nonmoving party, here Patrick, to determine whether Patrick has stated a legally sufficient special defense. See Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996).
 DISCUSSION
Patrick argues that because the note in this case is secured by the mortgage on property A, the plaintiff could have brought a foreclosure action to satisfy the debt owned by the defendants under the note. He claims that the mortgage is sufficient to satisfy the debt. Instead of foreclosing on the mortgage, as the plaintiff did in its separate and unrelated action against Cerrito, the plaintiff in effect, chooses to seek a deficiency judgment against him personally in this action. Because of the plaintiff's election to foreclose in the other action against Cerrito, Patrick argues that the plaintiff is equitably estopped from pursuing him personally under the note in this action.
Patrick's special defense is not legally sufficient.
"It is well established . . . that the [mortgagee] is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State, action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit." (Internal quotation marks omitted.) New England Savings Bank v. Bedford RealtyCorp., 238 Conn. 745, 759, 680 A.2d 301 (1996). Because Patrick does not dispute that he and Cerrito executed the note in favor of the plaintiff or that they defaulted on the note, it is within the plaintiff's right to pursue its remedy at law on the note, rather than its remedy in equity on the mortgage. Id. His special defense fails, therefore, as a matter of law.
Patrick argues further that this action is unconscionable because he is entitled to equitable marshaling of the securities. He argues that he is entitled to a credit against any debt due under the note for the value realized by the plaintiff in its foreclosure of property A in its other CT Page 3774 action against Cerrito; property A has been used to secure two unrelated loans and is subject to two unrelated mortgages. Patrick cites General Statutes § 52-380i to support his argument.[1] The statute provides that in a proceeding to foreclose a judgment lien, when the judgment creditor hold a first mortgage as a security for the debt that has gone in to judgment, the court may order the mortgaged property be first applied to the debt secured by it. "Marshaling is a right to enforce a certain order of realization out of security." Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579, 581, 441 A.2d 593 (1981).
Patrick's argument here is also unavailing. The statute, on its face, may be invoked only when the plaintiff attempts to foreclose a judgment lien. Id., 581-82. The plaintiff is not seeking foreclosure in this action; he is suing solely on the note. It is, therefore, premature for Patrick to claim any marshaling of the securities. See id. 581-82. In any case, the doctrine of an equitable marshaling of the securities does not affect the plaintiff's right to bring an action on the note.
 CONCLUSION
For the reason set forth above, the motion to strike the special defense is granted.
So Ordered at New Haven, Connecticut this 19th day of March, 2001.
Devlin, J.