[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 122)
The principal question presented by the motion now before the court is the viability of certain special defenses and counterclaims asserted in a collection case. Because the special defenses and counterclaims in issue are not viable even when the facts are viewed in the light most favorable to the defendants, the motion must be granted.
This is a collection action brought on three different notes (the "notes"). The notes were signed by the defendants, James and Peggy Moore (the "Moores"), in 1987, 1991, and 1993, respectively, and made payable to Great Country Bank ("Great Country"). The plaintiff, First Union National Bank ("First Union"), is the successor to Great Country and holds the notes.
The facts submitted by the parties show that on February 16, 1999, First Union sent the Moores a written notice that the notes were in default due to nonpayment. The note threatened legal action if the notes were not paid in full by March 1, 1999. No such payment was made. (The Moores concede that they have made no payment on the notes at any time since February 16, 1999.)
This action was commenced by service of process on March 22, 1999. First Union is the sole plaintiff, and the Moores are the defendants. The complaint consists of a single count claiming damages for breach of contract arising out of nonpayment of the notes.
The Moores have asserted four special defenses and three counterclaims. The special defenses are: (1) failure to give adequate notice of default, (2) failure to pursue an action with respect to the CT Page 6089 collateral, (3) impairment of collateral, and (4) bad faith. The counterclaims allege (1) bad faith, (2) violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA"), and. (3) estoppel.
First Union filed the motion for summary judgment now before the court on April 12, 2001. The motion was heard on May 21, 2001. For the reasons briefly stated below, the motion must be granted.
The submitted facts clearly establish First Union's prima facie breach of contract case. First Union holds the notes, the notes are in default, the Moores signed the notes, and a total of $195,607.25 (including unpaid principal, interest, and late charges) is due on the notes. The Moores have submitted no evidence disputing the amounts just cited.
The Moore's special defenses rest on two factual assertions. First, the Moores claim insufficient notice of default. Second, they claim that First Union or its predecessors assured them that it would proceed on the collateral prior to proceeding on the note. None of the Moores special defenses are viable.
First Union's letter of February 16, 1999 provided the Moores with clear notice of default. The Moores contend that they were entitled to notice of default sixty days in advance, but this claim proceeds on a misreading of the notes. The notes require sixty days notice in the event that the notes are deemed payable because they have come to full maturity. They do not require sixty days notice in the event that default has occurred because of nonpayment. The default here has occurred because of nonpayment. In any event, numerous sixty day periods have now occurred since February 16, 1999, and the Moores have not paid a cent.
The Moores' contention that First Union has an obligation to pursue a remedy with respect to the collateral prior to proceeding on the notes is without foundation in either the notes or the law. The notes contain no such requirement. "It is well established that the plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity on the mortgage, or to pursue both." Hartford National Bank Trust Co., 185 Conn. 579, 581, 441 A.2d 593 (1981).
The Moores' contention that First Union or its predecessors told them at some unspecified time in the past that it would pursue a remedy with respect to the collateral before proceeding on the note does not help their legal position. Such conversations would not alter the terms of the notes. In any event, First Union's letter of February 16, 1999, expressly informed the Moores that First Union would be proceeding on the note. That letter plainly superceded any prior oral statement. (The Moores do CT Page 6090 not claim the benefit of any conversation occurring after February 16, 1999.)
Under these circumstances, none of the Moores' special defenses are viable. For similar reasons, none of the Moores' counterclaims are viable. First Union has not acted in bad faith in bringing this action. It provided the Moores with express notice of default for reason of nonpayment, and when no further payment was forthcoming, it commenced this action. It had no obligation, in either the notes or the law, to pursue a remedy with respect to the collateral. There is no evidence of a CUTPA violation in these circumstances. There is no evidence supporting the Moores' claim that First Union is estopped from pursuing its claim.
The motion for summary judgment is granted. Judgment shall enter in favor of the plaintiff against both defendants in the amount of $195,607.25. Costs are awarded to the plaintiff.
In the event that the plaintiff wishes to claim attorney's fees, it may do so by means of a postjudgment motion.
 Jon C. Blue Judge of the Superior Court.