[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT NO. 124
The plaintiff, First Union National Bank, filed this action on May 3, 2001, seeking to collect the balance due under a note signed by the defendants, Lori Lask and Stephen Lask. The plaintiff alleges the following facts. On or about April 25, 1990, the defendants executed and delivered an open option equity credit line agreement with Centerbank in the amount of $257,700. The note was formerly secured by an open-end mortgage executed on December 9, 1987, pertaining to a property in Newtown, Connecticut. The plaintiff is the successor in interest to Centerbank and is the owner and holder of the note. The defendants failed to pay the plaintiff certain installments of principal and interest on the note when due. The defendants were notified of the default and the acceleration of the amount due under the note, yet the defendants still have failed to pay.
Prior to the present action, the defendants were involved in another foreclosure action in regard to the same property entitled EMC MortgageCorporation v. Lask, Superior Court, judicial district of Danbury, Docket No. 335071. During the pendency of the EMC action, the defendants unilaterally offered to convey the Newtown property to the plaintiff, but the plaintiff refused to accept the deed. A foreclosure by sale was ordered by the court in the EMC action. Two sales took place because the first sale yielded a low bid that the court did not confirm. At the second sale, the property sold for $526,000. The plaintiff did not bid at either sale.
On May 14, 2001, the defendants filed an answer, special defenses and counterclaims to the plaintiff's complaint. On February 20, 2002, the plaintiff filed a motion for summary judgment as to its complaint and the defendants' three special defenses[1] and two counterclaims, claiming that no genuine issues of material fact exist as to the defendants' liability on the note. CT Page 11462
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks bmitted.) H.O.R.S.E.of Connecticut, Inc. v. Washington, 258 Conn. 553, 559, 783 A.2d 993
(2001).
In support of the motion for summary judgment on its complaint, the plaintiff argues that there is no genuine issue of material fact regarding the defendants' liability on the note and that it is entitled to judgment as a matter of law because the defendants executed the note, defaulted on it and despite the plaintiff's demands for payment, have failed to pay. Ownership of the note is not disputed and the defendants admit that they executed and subsequently defaulted on the note. Consequently, it is clear that there is no genuine issue of material fact as to these two issues. The defendants, however, offer the special defense of equitable estoppel. They assert that the plaintiff is estopped from proceeding against them because it failed to accept a deed for the property in lieu of foreclosure and it failed to protect its interest by not bidding at two foreclosure sales.
"Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed. as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse. . . . Its two essential elements are that one party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act on that belief, and that the other party, influenced thereby, must change his position or do some act to his injury which he otherwise would not have done." (Citations omitted; internal quotation marks omitted.) Emerick v. Emerick, 28 Conn. App. 794, 802-03,613 A.2d 794, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992). "Further, [i]t is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge." (Internal quotation marks omitted.) CT Page 11463Green v. Connecticut Disposal Service, Inc., 62 Conn. App. 83, 91,771 A.2d 137, cert. denied, 256 Conn. 912, 772 A.2d 1124 (2001).
The defendants assert that the letters the plaintiff sent to them threaten foreclosure, not an action on the debt. These letters, they argue, induced them to offer a deed to the plaintiff in lieu of foreclosure and that the plaintiff's refusal to accept the deed has harmed them because they now have a $300,000 claim against them. The. defendants have offered no evidence, however, to show that the plaintiff's actions were calculated to induce them into offering the deed to their property to the plaintiff in lieu of foreclosure.
Moreover, the defendants' contention that the plaintiff has an obligation to pursue a remedy with respect to the collateral prior to proceeding on the note is without foundation. The notes contain no such requirement and "[i]t is well established that the plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit." (Internal quotation marks omitted.) Hartford National Bank TrustCo. v. Kotkin, 185 Conn. 579, 581, 441 A.2d 593 (1981); see also FirstUnion Bank v. Moore, Superior Court, judicial district of New Haven, Docket No. CV-99-424489 (May 22, 2001, Blue, J.). In addition, the defendants have offered no evidence to demonstrate that they exercised due diligence in ascertaining whether the plaintiff intended to foreclose on the property or to sue on the note. The court finds, therefore, that the defendants' special defense of equitable estoppel is not viable. Accordingly, the plaintiff's motion for summary judgment as to its complaint is granted.
In support of its motion for summary judgment as to the defendants' first counterclaim, the plaintiff argues that there is no provision in the note that imposes a duty on it to accept a deed in lieu of foreclosure or to pursue its remedies with respect to the collateral prior to bringing an action on the note. The defendants counter that the plaintiff breached an implied duty of good faith and fair dealing when it did not bid at the foreclosure sale or accept the deed to the property in lieu of foreclosure.
"The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the other party in the performance of every CT Page 11464 contract. . . . Essentially, it is a rule of construction designed fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." (Citations omitted; internal quotation marks omitted.) Southbridge Associates, LLCv. Garofalo, 53 Conn. App. 11, 16, 728 A.2d 1114, cert. denied,249 Conn. 919, 733 A.2d 229 (1999).
The defendants have not cited any provision in their agreement with the plaintiff which requires the plaintiff to accept a deed in lieu of foreclosure or to bid at the foreclosure sale. The clearly expressed terms of the mortgage and note support a finding that the plaintiff did not breach the implied warranty of good faith and fair dealing by refusing to accept the deed from the defendants or by not bidding at the foreclosure sales. Accordingly, the plaintiff's motion for summary judgment as to the plaintiff's first counterclaim is granted.
In support of its motion for summary judgment as to the defendants' second counterclaim, the plaintiff asserts that in order to state a claim under the Connecticut Unfair Trade Practices Act (CUTPA) that is premised on breach of contract, the defendants must show substantial aggravating circumstances attending the breach. The defendants counter that the plaintiff's conduct violates CUTPA because it was unfair and deceptive.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Citations omitted; internal quotation marks omitted.) Hartford ElectricSupply Co. v. Allen-Bradley Co., 250 Conn. 334, 367-68, 736 A.2d 824
(1999). "Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Citations omitted.) Jacobs v. Healey Ford-Subaru,Inc., 231 Conn. 707, 726, 652 A.2d 496 (1995). CT Page 11465
The defendants' assert that the plaintiff's conduct clearly violates CUTPA because it is unfair and deceptive. They offer no evidence, however, as to which of the plaintiff's practices are deceptive and unfair, nor do they submit any evidence to establish that the plaintiff's practices are a violation of public policy. Accordingly, the plaintiff's motion for summary judgment as to the defendants' second counterclaim is granted.
The plaintiff's motion for summary judgment as to its complaint and the defendants' first and second counterclaims is granted.
White, J.