ROYAL LITTLE ET AL. *v.* UNITED INVESTORS
CORPORATION
(two cases)

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 5—decided July 16, 1968

*Julius B. Kuriansky,* for the appellant (defendant).

*Richard A. Silver,* with whom, on the brief, was *Robert Fain,* for the appellees (plaintiffs).

THIM, J.  In the first case, the plaintiffs sought to recover past due interest on two notes given by

the defendant, both of which were secured by a first mortgage on certain real property owned by the defendant. In the second case, the plaintiffs sought to recover the principal amount of the two notes, plus interest accrued since the institution of the first action. The defendant answered in each case, admitting the execution and delivery of the notes but denying that it had defaulted in making payments of interest and principal. In addition, in each case the defendant alleged in a special defense that, under § 49-48 of the General Statutes, the plaintiffs were not entitled to obtain a money judgment on the notes without first applying the cash value of the mortgaged property to the total indebtedness of both notes.[1] In a counterclaim filed in each case, the defendant sought an injunction restraining the plaintiffs from prosecuting the two cases until the court ascertained the value of the mortgaged premises and applied that value to the total indebtedness. The court found the issues raised by the complaint and the counterclaim in both cases for the plaintiffs. From the judgment in each case, the defendant has appealed. The trial court, on stipulation of the parties, ordered that the appeals of the defendant in each case be combined. Practice Book § 606.

The case was presented to the trial court on the

[1] "Sec. 49-48. FORECLOSURE OF LIEN WHEN PLAINTIFF HOLDS MORTGAGE. Upon proceedings for the foreclosure of any judgment lien, when the judgment creditor holds a mortgage upon real estate in this state as security for the debt, or any part of it, that has gone into the judgment, which mortgage is a first charge upon the property mortgaged, the court shall, upon the motion of the judgment debtor or any later encumbrancer on the property covered by the judgment lien, order such mortgaged property to be first applied to the debt secured by it, at its cash value, to be ascertained by the court; and a foreclosure of the judgment lien shall be granted only as to the portion of such judgment that remains unsatisfied."

following stipulation of facts: On January 2, 1964, the defendant delivered its demand note in the sum of $2,700,000 and a mortgage on certain real property securing the payment of the note to the State National Bank of Connecticut. On October 27, 1964, the bank assigned the note secured by the mortgage to the plaintiffs. On the same day, the defendant by its note promised to pay the plaintiffs on demand the principal sum of $300,000 together with interest thereon. Also on October 27, 1964, the parties entered into an agreement consolidating, extending and modifying the terms of the two notes. Both notes, now held by the plaintiffs, are secured by a first mortgage on certain real property owned by the defendant. The real property has a substantial value which, if sold, could be converted to cash. Both notes are further secured by an assignment of subleases and rentals which was executed by a wholly owned subsidiary of the defendant and delivered to the plaintiffs on October 27, 1964. The defendant has defaulted in paying the notes according to their terms.

From these facts the court concluded, inter alia, that the defendant is indebted to the plaintiffs in the principal amount of the notes, together with accrued interest; that the plaintiffs have not obtained a judgment lien on any property of the defendant; that the plaintiffs had not sought to foreclose the first mortgage on the defendant's real property; that the provisions of General Statutes § 49-48 are not applicable; and that § 49-48 did not afford a basis for granting the defendant equitable relief on its counterclaim.

It is the defendant's contention that, under General Statutes § 49-48, the plaintiffs are precluded from maintaining an independent action on its

demand notes and that they must initially foreclose the first mortgage which they hold as security for the payment of the notes. This claim is without merit.

"A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit. *Mechanics Bank* v. *Johnson,* 104 Conn. 696, 701, 134 Atl. 231; *German* v. *Gallo,* 100 Conn. . . . [708], 711, 124 Atl. 837; *Staples* v. *Hendrick,* 89 Conn. 100, 93 Atl. 5." *Atlas Realty Corporation* v. *House,* 120 Conn. 661, 670, 183 A. 9; *New Haven Savings Bank* v. *Warner,* 128 Conn. 662, 666, 25 A.2d 50. If, by an action solely on the note, the owner secures full payment on the debt, his right to enforce the mortgage is gone, or, if he secures payment in part, he can enforce the mortgage only to secure the payment of the balance. *New Haven Savings Bank* v. *Warner,* supra. Where such a procedure is followed, the extent of the recovery, however, should not in any event exceed the amount of the debt. Ibid.

The trial court did not err in concluding that General Statutes § 49-48 has no application in the present case. The language of the statute clearly indicates that its provisions may be invoked only in a proceeding to foreclose a judgment lien. In this respect, the statute is unambiguous and is not therefore subject to modification by way of construction. See *State* v. *Simmons,* 155 Conn. 502, 504, 234 A.2d 835; *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36. Also, as the defendant correctly concedes, the statute provides for the marshaling of securities.

A marshaling of securities is possible only if the creditor against whom it is sought has a security interest in at least two funds of his debtor. See *Greenwich Trust Co.* v. *Tyson,* 129 Conn. 211, 227, 27 A.2d 166; 35 Am. Jur. 392, Marshaling Assets and Securities, § 13. In the present case, the only security interest which the plaintiffs have in the defendant's property is their single first mortgage on the defendant's real property. There is nothing therefore to be marshaled.

The claim that the court should have restrained the plaintiffs from prosecuting their suits until the court determined and applied the cash value of the mortgaged premises to the indebtedness is without merit. The record does not reveal that the plaintiffs' security and the defendant's equity are in jeopardy. The defendant has conceded that it is indebted to the plaintiffs in the amount found due by the court. Because the plaintiffs have not received full payment of the notes and because they have a right to institute independent actions on them, the court did not err in finding the issues for the plaintiffs on the defendant's counterclaim.

There is no error.

In this opinion the other judges concurred.