[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is a foreclosure action originally filed on January 9, 1990. The plaintiff is Citibank, N.A., a national banking association organized under the laws of the United States, located in New York, New York. The defendants to this motion are Pedro and Susan Bolona, individuals presently residing in Greenwich, Connecticut. There are several additional named defendants who are not parties to this motion.
In a two count complaint plaintiff alleges the following: That on December 15, 1988, defendant Pedro E. Bolona (P. Bolona) owed plaintiff (Citibank) $2,500,000.00 as evidenced by his note dated on that date, payable to Citibank. (See Exhibit A). By deed dated December 15, 1988, to secure the note, P. Bolona CT Page 1731 mortgaged to Citibank a piece or parcel of land located in the Town of Greenwich. (See Exhibit B). Citibank still owns the note and mortgage deed. Payment is due under the note, which matured on December 1, 1989. A demand for repayment was made (see Exhibit C), and there is now due and unpaid to Citibank on the note and mortgage the principal sum plus interest and other costs and charges, P. Bolona is the record owner and is in possession of the property which is the subject of this foreclosure action.
Plaintiff further alleges that defendant Susan Bolona (S. Bolona) personally guaranteed the obligations of P. Bolona under the note and other financing documents, and has failed to perform her obligations under the guaranty, causing substantial injury to Citibank. Plaintiff is seeking a strict foreclosure of the mortgage, unless the United States is a party defendant at the time of judgment, immediate possession of the mortgaged premises, a deficiency judgment to the extent the foreclosure does not fully compensate Citibank, money damages, the appointment of a receiver to collect any rents and profits accruing from the premises, and other appropriate relief.
The note, attached to the complaint as Exhibit A, contains the following provision:
 The Maker [P. Bolona] agrees that this note shall be construed in accordance with and governed by the laws of [the State of New York]. The Maker and, by its acceptance hereof, the Lender [Citibank] further agree that in any action or proceeding brought by Lender against the Maker on this note, . . .(ii) The Supreme Court of the State of New York for the County of New York, or (in a case involving diversity of citizenship) The United States District Court for The Southern District of New York, shall have jurisdiction of any such action or proceeding. . . .
(Mortgage Note at p. 3, paragraph 3).
Defendants P. Bolona and S. Bolona now move to dismiss the action "because this court should refrain from exercising jurisdiction over the subject matter of this litigation." Pursuant to Conn. Practice Bk. 143, the parties have filed memoranda of law in support of their respective positions.
In support of their motion to dismiss the defendants argue that the foreclosure action is based upon an alleged default of the note, and the parties have agreed that any action by the plaintiff against the "Maker" (P. Bolona) "based upon the note" shall be brought in New York. Since this agreement was freely CT Page 1732 made between the parties and is not clearly unreasonable, defendants argue that the court should refrain from exercising jurisdiction.
In opposition to the motion, the plaintiff argues that by this foreclosure action it is seeking to enforce its rights under the mortgage. Because these defendants, as well as all other defendants, are residents of Connecticut, and because the subject property is located in Connecticut, there can be no doubt that this court has subject matter jurisdiction over this foreclosure action. Plaintiff further argues that the language in the note referred to by the defendants "simply gives Citibank the option to bring an action to enforce the note in New York, with P. Bolona waiving any challenge to personal jurisdiction in that forum, and cannot be applied to deprive this court of its proper jurisdiction, or to confer jurisdiction on a New York court to entertain an action to foreclose a mortgage on Connecticut real property.
A mortgage deed secures a debt, not a note. Iamartino v. Avallone, 2 Conn. App. 119, 123 (1984).
 A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this state action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit.
Atlas Realty Corp. v. House, 120 Conn. 661, 670 (1936); see also Little v. United Investors Corp., 157 Conn. 44, 48 (1968). It is axiomatic that the Superior Court has jurisdiction over actions to foreclose mortgages on real property situated in Connecticut. While the note contains a choice of forum provision, the mortgage contains no such provision. Although the defendants argue that per agreement of the parties all actions "based upon the note" are to be brought in New York, the actual language in the provision is that any action on this note is to be brought in New York. Therefore, the choice of forum provision is inapplicable to the foreclosure action. Because this court has jurisdiction over foreclosure actions, the motion to dismiss is denied.
CIOFFI, J.