[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
Plaintiff seeks to attach three parcels of real estate owned by the defendants as a prejudgment remedy in its action on a note in the original principal sum of $133,991.39. Said note was secured by a mortgage on real property located at Palm Beach Gardens, Florida. Defendants are objecting to the attachments against real estate in Cn Connecticut on the grounds that plaintiffs would be obtaining duplicative security for the same debt and that the requested attachments are excessive and punitive, alleging that the value of the mortgaged property in Florida should be considered in the determination of plaintiff's application.
Plaintiff asserts that it is seeking to collect on its note and has elected not to pursue foreclosure of the Florida mortgage.
"It is well established that the plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579, 581 (1981). Regardless of which remedy plaintiff pursues, its recovery may not exceed the debt. Little v. United Investors Corporation,157 Conn. 44, 48 (1968).
In the instant action, the plaintiff's debt at the CT Page 6033 time of this hearing was approximately $136,000.00. Plaintiff seeks a prejudgment remedy to secure the sum of $175,000.00, which sum the court deems reasonable in light of the present debt, the accruing interest thereon, the costs of collection and expenses related thereto. Plaintiff had a recent appraisal of the mortgaged Florida real estate, which indicated a value of $140,000.00. To allow plaintiff's application as requested would provide security in the total sum of $315,000.00 ($175,000.00 of attachments on Connecticut real estate and $140,000.00 security from the mortgaged real estate in Florida). Under such circumstances, this court concludes that plaintiff's application for attachment of three parcels of real estate in Connecticut to secure the sum of $175,000.00 is unwarranted and would be excessive so long as plaintiff holds the security of the mortgage on the Florida real estate.
Accordingly, the court finds that there is probable cause that the plaintiff will prevail in this action and grants plaintiff's prejudgment remedy application for the sum of $35,000.00 only against defendants' real estate located in 191 Camp Avenue in the Town of Newington.
JOSEPH H. GOLDBERG SENIOR JUDGE