[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CT Page 949
The plaintiff, Connecticut National Bank ("Connecticut National"), filed a two count foreclosure action dated April 29, 1992 against the defendants, Higganum Supply, Inc., Gary Sauter, Janice A. Sauter ("Sauters") and Carl I. Brown and Company ("Carl I. Brown").
The following facts are not in dispute. The Sauters are owners of two parcels of land, situated in the Town of Haddam, Connecticut, known as Lot One and Lot Two at 89 McTigh Road.
On March 30, 1979, the First Federal Savings Loan Association of Madison, Connecticut ("First Federal") recorded a mortgage from the Sauters on Lot One, 89 McTigh Road, Haddam, Connecticut.
On April 2, 1987, Connecticut National recorded a mortgage, Promissory Note ("Note") and guarantee on Lots One and Two at 89 McTigh Road, Haddam, Connecticut. The plaintiff recorded the mortgage in the Haddam Land Records.
On July 1, 1991 the Mortgage Banker's Corporation recorded a mortgage on Lot 1 at 89 McTish Road, Haddam, Connecticut. On July 1, 1991, the Mortgage Banker's Corporation assigned their mortgage to the defendant, Carl I. Brown. The mortgage and assignment were recorded on July 1, 1991 on the Haddam Land Records.
As a condition of the agreement to loan money between Carl I. Brown and the Sauters, Carl I. Brown was required to pay the first mortgage to First Federal. Accordingly, after the loan proceed from Carl I. Brown, the Sauters satisfied the debt to First Federal and obtained a release therefrom.
In count one of the complaint the plaintiff alleges that the defendants, Higganum Supply, as a borrower, and the Sauters, as guarantors, owe $135,000.00 to the plaintiff pursuant to the Loan Agreement and Note entered into on April 1, 1989. The plaintiff also alleges in count one that the mortgage to the Mortgage Banker's Corporation, assigned to Carl I. Brown, is subsequent and therefore subordinate to the CT Page 950 plaintiff's mortgage.
In count two the plaintiff alleges that the Sauters are required to pay those sums due the plaintiff from Higganum Supply pursuant to the Note as guarantors. The plaintiff alleges that having failed to pay the full amount due pursuant to the Note, the plaintiff is entitled to: a strict foreclosure of the mortgage property; immediate possession of the property; a deficiency judgment against the defendants, Higganum Supply and the Sauters; attorney's fees; appointment of a receiver or rents and profits and such other equitable relief the court deems necessary.
The defendant Carl I. Brown asserts two special defenses in their answer dated July 7, 1992. First, Carl I. Brown alleges that it satisfied, for good and valuable consideration, an obligation of the Sauters. The defendant alleges that pursuant to a contractual agreement the defendant was required to and did pay the first mortgage to First Federal. As a result, the defendant alleges that it is vested with all the rights of the earlier encumbrance pursuant to the doctrine of equitable subrogation. The defendant alleges that as a result of their alleged right of subrogation the plaintiff's security is secondary and inferior.
In the second special defense Carl I. Brown requests a marshalling order. The defendant alleges that the plaintiff, with a security interest in both Lots One and Two of 89 McTigh Road, must apply the funds received from the sale of Lot Two towards the satisfaction of any obligation owed it by the Sauters so as to protect the interest of Carl I. Brown.
The plaintiff filed a motion to strike both of Carl I. Brown's special defenses dated September 3, 1992. The plaintiff's motion was accompanied by a memorandum of law pursuant to Practice Book Sec. 152. Carl I. Brown filed a memorandum in opposition dated September 16, 1992, followed by a supplemental memorandum in opposition to the motion to strike dated November 2, 1992. The plaintiff filed a consent to the defendant's marshalling request dated November 5, 1992 and a supplemental memorandum of law in support of the motion to strike dated November 6, 1992.
A motion to strike is the "proper vehicle to test the legal sufficiency of a complaint or any count therein." CT Page 951 Babych v. McRae, 41 Conn. Sup. 280, 281 567 A.2d 1264 (1990). The pleadings susceptible to a motion to strike are the "complaint, counterclaim, cross-complaint, prayer, amended [and] special defense." Deutsche Bank Co. v. Hermann,4 CSCR 771 (September 28, 1989, Cioffi, J.), citing Practice Book Sec. 152. "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] rust fail." (Citations omitted.) Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar Corporation, 203 Conn. 34, 36,522 A.2d 1235 (1987).
I. First Special Defense: Equitable Subrogation
The plaintiff argues that the first special defense should be stricken on the ground that Carl I. Brown is not entitled to equitable subrogation under the facts and the circumstances of the case. The plaintiff argues that although the defendant paid the debt due a third party, it did so as a mere volunteer to save himself from loss by reason of a superior lien. In addition, the plaintiff argues that the defendant only loaned money to the Sauters and did not pay off the first mortgage to First Federal itself and as a result cannot be entitled to subrogation.
Additionally, the plaintiff argues that the right of subrogation cannot be founded on contract. The plaintiff contends that by the defendant's own allegation the defendant paid off the First Federal mortgage pursuant to a contractual agreement. The plaintiff argues that equitable subrogation is not available to a party who at their own liberty elected to enter into a contractual agreement to pay off a third party debt. Furthermore, argues the plaintiff, the defendant knew of the existing mortgage to the plaintiff when he accepted the assignment of the Mortgage Banker's Corporation mortgage and therefore he cannot now claim a superior position to the plaintiff.
Carl I. Brown argues that the application of the equitable subrogation doctrine is appropriate where a party may benefit above and beyond that for which they contracted. The defendant argues that its claim of subrogation is invoked to prevent unjust enrichment of another. The defendant asserts that the plaintiff did not bargain for nor did it CT Page 952 expect to receive a first security interest on the premises at 89 McTigh Road. Therefore, the defendant argues, the plaintiff will be unjustly enriched if it was provided with a first security on the Property.
Additionally, Carl I. Brown argues that the plaintiff knew that a prior encumbrance to First Federal existed and therefore it bargained for and should be classified in this action as having the status of a party with a second encumbrance. The defendant argues that it should not be deprived of the requested encumbrance of Connecticut National.
"A mortgage which is recorded first is ordinarily entitled to priority so long as every grantee is provided a reasonable time to get his deed recorded." New England Savings Bank v. Village Brook Plaza Limited Partnership,3 Conn. L. Rptr. 121, 123 (January 4, 1991, Leuba, J.), citing Beers v. Hawley, 2 Conn. 467 (1818). There is a presumption that a party taking a mortgage upon a land knows of all prior encumbrances of record affecting it. Home Owners' Loan Corp. v. Sears, Roebuck Co., 123 Conn. 232, 240, 193 A. 769
(1937).
"[O]ne who advances money to discharge a prior lien on real or personal property and takes a new mortgage as security is entitled to be subrogated to the rights under the prior lien against the holder of an intervening lien of which he was ignorant." Id., 237.
"[A] mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to insure that complete justice is done. . . Although equitable power must be exercised equitably. . . the determination of what equity requires in a particular case, the balancing of the equities is a matter for the discretion of the trial court. . ." New England Savings Bank, supra, 123, citing Reynolds v. Ramos, 188 Conn. 316, 320, 449 A.2d 182
(1982). "Equity will not intervene to benefit one who is the victim of his own negligence, where to do so would work an inequity on another." Id.
Carl I. Brown has not sufficiently alleged facts which give rise to a special defense of equitable subrogation. The defendant is only entitled to be subrogated to the rights of First Federal against Connecticut National, as the CT Page 953 holder of an intervening lien, if the defendant was ignorant of the intervening lien. The defendant, as a party taking a mortgage upon a land, is presumed to know of all prior encumbrances of record affecting it.
Equitable subrogation may not be invoked to benefit the defendant where the defendant is the victim of its own negligence. The defendant, through its own negligence, failed to discover Connecticut National's mortgage and therefore cannot assert a special defense of equitable subrogation to remedy its own error. Therefore, the plaintiff's motion to strike the defendant's first special defense is granted.
II. Second Special Defense: Marshalling Order
Carl I. Brown, in the second special defense, raises the doctrine of the marshalling of securities. The defendant argues that the plaintiff was entitled to pursue its remedy at law on the note or pursue its remedy in equity upon the mortgage. The defendant argues that because the plaintiff brought an action on both the note and mortgage, the special defense of marshalling securities is appropriate. The defendant argues that General Statutes Sec. 49-48 allows the special defense of marshalling securities in a foreclosure action.
The plaintiff argued that the doctrine of the marshalling of securities was not a special defense and therefore could not be raised as a defense to a foreclosure action.
"At common law, the available defenses to a complaint seeking foreclosure of a mortgage are limited to such things as payment, discharge, release, satisfaction or the invalidity of the lien" Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327 (Super.Ct. 1944). Under the doctrine of equity, if the "mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . .". Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927). Where the conduct of a plaintiff is inequitable, the court may withhold foreclosure on such equitable considerations and principles. Lettieri v. American Savings Bank, 182 Conn. 1, 12,437 A.2d 822 (1980), Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946
(1980).
General Statutes Sec. 52-380i, formerly General CT Page 954 Statutes Sec. 49-48, states:
 Upon the proceedings for the foreclosure of any judgment lien, when the judgment creditor holds a mortgage upon real estate in this state as security for the debt, or any part of it, that has gone into the judgment, which mortgage is a first charge upon the property mortgaged, the court shall, upon the motion of the judgment debtor or any later encumbrancer on the property covered by the judgment lien, order such mortgaged property to be first applied to the debt secured by it, as its cash value, to be ascertained by the court; and a foreclosure of the judgment lien shall be granted only as to the portion of such judgment that remains unsatisfied.
General Statutes Sec. 52-380i. "The language of the statute [Sec. 49-48] clearly indicates that its provisions may be invoked only in a proceeding to foreclosure a judgment lien. In this respect, the statute is unambiguous and is not therefore subject to modification by way of construction." Little v. United Investors Corporation, 157 Conn. 44, 48,245 A.2d 567 (1968).
The doctrine of the marshalling of securities is not a special defense to a foreclosure action. The doctrine of marshalling securities does not invoke any equitable concerns which may cause the court to withhold a foreclosure. The defendant may not raise the doctrine of marshalling securities pursuant to General Statutes Sec. 52-380i. General Statutes Sec. 52-380i concerns the foreclosure of a judgment lien and nowhere does it provide that the doctrine of marshalling securities may be used as a special defense to a foreclosure action. Therefore, the court finds that the doctrine of marshalling securities may not be raised as a special defense.
The motion to strike each special defense is granted.
It is so ordered.
HIGGINS, J. CT Page 955